## HIN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SARAH BARBOUR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:24-cv- 00520-MHC-JSA |
| MARIETTA CITY SCHOOL | ) | |
| DISTRICT, DEMARCO HOLLAND | ) | |
| Defendant. | ) | |

## **DEFENDANT HOLLAND'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW, DeMarcos Holland (hereinafter, the "Defendant", "Defendant Holland") by and through its undersigned counsel, and hereby responds to the allegations in Plaintiff's Complaint as follows:

## **FIRST DEFENSE**

The Complaint, in whole or in part, fails to state a claim against the Defendant upon which relief can be granted.

## **SECOND DEFENSE**

Defendant Holland asserts the defenses, as applicable, of qualified immunity, legislative immunity, official immunity, and good faith immunity. To the extent that Defendant is entitled to immunity, Plaintiff's Complaint fails to state a claim within the subject matter jurisdiction of this Court.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by waiver and the doctrine of estoppel.

## FOURTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent she has failed to act reasonably to mitigate any damages claimed in the instant case, as required by law.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, res judicata, claim preclusion, and issue preclusion.

## SIXTH DEFENSE

Plaintiff's claims against Marco Holland are barred in whole or in part by qualified  immunity because his actions taken with respect to the Plaintiff in this case were discretionary.

## SEVENTH DEFENSE

Any claims in the Plaintiff's Complaint that exceed the scope of any EEOC charge of discrimination must be dismissed.

## EIGHTH DEFENSE

All actions taken by Defendant Holland affecting Plaintiff and/or the terms or conditions of her employment were taken for legitimate, non-discriminatory and

non-retaliatory reasons, and, as such, did not violate any legal right possessed by Plaintiff. In the alternative, even if Plaintiff was able to demonstrate that discrimination or retaliation played a motivating part in any action at issue in this case, the same action would have been taken for legitimate, non-discriminatory, and non-retaliatory reasons.

## NINTH DEFENSE

Defendant Holland, in his individual capacity, did not violate clearly established law has not consented to be sued, has not waived its immunities, and is not liable for any cause or claim asserted.

## TENTH DEFENSE

Plaintiff's damages, if any, were not proximately caused by Defendant Holland and Defendant Holland is not liable for any of Plaintiff's claims brought pursuant to 42 U.S.C. § 1981 or §  1983.

## ELEVENTH DEFENSE

Plaintiff's claims are barred because (1) Defendant exercised reasonable care to prevent and correct promptly any allegedly harassing behavior and (2) Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by the Defendant or otherwise avoid any alleged harm.

## TWELFTH DEFENSE

Plaintiff's claims are barred because Defendant took prompt and remedial action once it received notice of any complaints yet Plaintiff unreasonably failed any remedial intervention.

## THIRTEENTH DEFENSE

For any Title VII claim not presented in any charge of discrimination, Plaintiff has failed to exhaust all administrative remedies.

## FOURTEENTH DEFENSE

Defendants are misidentified in the complaint. The correct name of the Marietta City School District is the Board of Education of the City of Marietta. And DeMarco Holland's correct name is DeMarcos Holland.

## FIFTEENTH DEFENSE

The Complaint fails to state a claim for punitive damages against Defendant Holland in his individual capacity because Defendant Holland never, either intentionally or willfully, violated Plaintiff's rights in any manner or acted maliciously or with reckless indifference with regard to Plaintiff or any aspect of her employment. At no time did Defendant act with any intent to injure or otherwise cause harm to Plaintiff.

## SIXTEENTH DEFENSE

Defendant Holland raises and/or preserves the defense of after-acquired evidence.

4

## SEVENTEENTH DEFENSE

Defendant Holland raises and/or preserves any mixed motive defense that may be applicable in this case.

## EIGHTEENTH DEFENSE

The Defendant reserves the right to raise additional affirmative defense as may be discovered during the course of these proceedings. In answering the specific allegations contained in Plaintiff's Complaint, the Defendant states as follows:

Subject to the above objections, without waiving the same, this Defendant responds to the allegations contained in the numbered paragraphs of Plaintiff's Complaint as follows:

### 1.

Defendant admits the allegations in the first sentence of Paragraph 1 of Plaintiff's Complaint. Defendant denies the remaining allegations of Plaintiff's Complaint.  Except as admitted herein, all remaining allegations in Paragraph 1 of Plaintiff's Complaint are denied.

### 2.

Defendant admits the allegations of Paragraph 2 of Plaintiff's Complaint to the extent that the Plaintiff has filed claims under 42 U.S.C. § 1981 and § 1983 and O.C.G.A. § 45-1-4.  Defendant is without information of knowledge sufficient to admit or deny the remaining allegations of Paragraph 2 of Plaintiff's Complaint.

Except as admitted herein, all remaining allegations in Paragraph 2 of Plaintiff's Complaint are denied.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.

Defendant admits that the Plaintiff has filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) but is without information or knowledge sufficient to admit or deny the remaining allegations of Paragraph 3 of Plaintiff's Complaint. Except as admitted herein, all remaining allegations in Paragraph 3 of Plaintiff's Complaint are denied.

## JURISDICTION AND VENUE

4.

Defendant admits the allegations of Paragraph 4 of Plaintiff's Complaint.

5.

Defendant denies any violations, acts or omissions of Plaintiff's rights under Georgia or federal law but admits that the venue is appropriate in the United States District Court, Northern District of Georgia, Atlanta Division in Paragraph 5 of Plaintiff's Complaint. Except as admitted herein, all remaining allegations in Paragraph 5 of Plaintiff's Complaint are denied.

## PARTIES

6.

Defendant admits the allegations of Paragraph 6 of Plaintiff's Complaint to the extent that she is a white female, but is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 of Plaintiff's Complaint. Except as admitted herein, all remaining allegations in Paragraph 6 of Plaintiff's Complaint are denied.

7.

Defendant admits the first sentence of Plaintiff's allegation in Paragraph 7 of Plaintiff's Complaint. Defendant denies the remaining allegations of Paragraph 7 of Plaintiff's Complaint. Except as admitted herein, all remaining allegations in Paragraph 7 of Plaintiff's Complaint are denied.

8.

Defendant admits the allegations of Paragraph 8 of Plaintiff's Complaint.

9.

Defendant admits the allegations of Paragraph 9 of Plaintiff's Complaint.

## **FACTUAL BACKGROUND**

10.

Defendant admits the allegations of Paragraph 10 of Plaintiff's Complaint.

11.

Defendant admits the allegations of Paragraph 11 of Plaintiff's Complaint.

12.

Defendant admits the allegations of Paragraph 12 of Plaintiff's Complaint.

13.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 13 of Plaintiff's Complaint.  Except as admitted herein, all remaining allegations of Paragraph 13 of Plaintiff's Complaint are denied.

14.

Except as to the allegation that Shikera Rice is a black female, Defendant denies the remaining allegations of Paragraph 14 of Plaintiff's Complaint.

15.

Defendant admits the allegations of Paragraph 15 of Plaintiff's Complaint.

16.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16 of Plaintiff's Complaint.  Except as admitted in Paragraph 16 of Plaintiff's complaint, all remaining allegations of Paragraph 16 of Plaintiff's Complaint are denied.

17.

Defendant admits the allegations in the first sentence of Paragraph 17 of Plaintiff's Complaint. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 of

Plaintiff's Complaint.  Except as admitted in Paragraph 17 of Plaintiff's complaint, all remaining allegations of Paragraph 17 of Plaintiff's Complaint are denied.

18.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 18 of Plaintiff's Complaint.  Except as admitted in Paragraph 18 of Plaintiff's complaint, all remaining allegations of Paragraph 18 of Plaintiff's Complaint are denied.

19.

Defendant admits the allegations of Paragraph 19 of Plaintiff's Complaint to the extent that Holland, Barbour and Roberts held a meeting.  Defendant denies the remaining allegations of Paragraph 19 of Plaintiff's Complaint. Except as admitted in Paragraph 19 of Plaintiff's complaint, all remaining allegations of Paragraph 19 of Plaintiff's Complaint are denied.

20.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20 of Plaintiff's Complaint.  Except as admitted in Paragraph 20 of Plaintiff's complaint, all remaining allegations of Paragraph 20 of Plaintiff's Complaint are denied.

21.

Defendant admits that the Plaintiff and Roberts were supervised by Dr. Holland in the 2022-2023 academic but is without information or knowledge

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21 of Plaintiff's Complaint.  Except as admitted in Paragraph 21 of Plaintiff's complaint, all remaining allegations of Paragraph 21 of Plaintiff's Complaint are denied.

### 22.

Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 22 of Plaintiff's Complaint.  Except as admitted in Paragraph 22 of Plaintiff's Complaint, all remaining allegations of Paragraph 22 of Plaintiff's Complaint are denied.

### 23.

Defendant admits the allegations in the first sentence of Paragraph 23 of Plaintiff's Complaint.  Defendant denies the remaining allegations of Paragraph 23 of Plaintiff's Complaint.  Except as admitted in Paragraph 23 of Plaintiff's Complaint, all remaining allegations of Paragraph 23 of Plaintiff's Complaint are denied.

### 24.

Defendant admits the allegations of Paragraph 24 of Plaintiff's Complaint to the extent the Plaintiff presented at the School Board meeting on May 17, 2022, and she invited Board Members to a tour of the Student Life Center.  Defendant denies the remaining the allegations of Paragraph 24 of Plaintiff's Complaint.

### 25.

Defendant denies the allegations of Paragraph 25 of Plaintiff's Complaint

26.

Defendant is without information or knowledge sufficient to admit or deny the allegations of Paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations of Paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations of Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations of Paragraph 29 of Plaintiff's Complaint.

30.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 30 of Plaintiff's Complaint.  Defendant denies the allegations of Paragraph 30(a) of Plaintiff's Complaint.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30(b) of Plaintiff's Complaint.  Defendant denies the allegations of Paragraph 30(c) of Plaintiff's Complaint. Defendant denies the allegations of Paragraph 30(d) of Plaintiff's Complaint.  Defendant denies the allegations of Paragraph 30(e) of Plaintiff's Complaint. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30(f) of Plaintiff's Complaint.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations the allegations of Paragraph 30(g) of Plaintiff's Complaint. Defendant denies the allegations of Paragraph 30(h) of Plaintiff's Complaint. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30(i) of Plaintiff's Complaint. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30(j) of Plaintiff's Complaint. Defendant denies the allegations in Paragraph 30(k) of Plaintiff's Complaint.

31.

Defendant denies the allegations of Paragraph 31 of Plaintiff's Complaint.

32.

Defendant denies the allegations of Paragraph 32 of Plaintiff's Complaint.

33.

Defendant denies the allegations of Paragraph 33 of Plaintiff's Complaint.

34.

Defendant denies the allegations of Paragraph 34 of Plaintiff's Complaint.

35.

Defendant admits the allegations of Paragraph 35 of Plaintiff's Complaint but denies any violation of the same.  Except as admitted herein, all remaining allegations of Paragraph 35 of Plaintiff's Complaint are denied.

36.

Defendant admits the allegations of Paragraph 36 of Plaintiff's Complaint but denies any violation of the same.  Except as admitted herein, all remaining allegations of Paragraph 36 of Plaintiff's Complaint are denied.

37.

Defendant admits the allegations in the first sentence of Paragraph 37 of Plaintiff's Complaint.  Defendant denies the remaining allegations of Paragraph 37.  Except as admitted herein, all remaining allegations of Paragraph 37 of Plaintiff's Complaint are denied.

38.

Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.

Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41.

Defendant admits the first sentence of the allegations in Paragraph 41 of Plaintiff's Complaint.  Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 41of Plaintiff's Complaint.  Except as admitted herein, all remaining allegations of Paragraph 41 of Plaintiff's Complaint are denied.

42.

Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43.

Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44.

Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45.

Defendant denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46.

Defendant denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 47 of Plaintiff's Complaint.

48.

Defendant admits the allegations in Paragraph 48 of Plaintiff's Complaint as to the quote from the article.  Except as admitted herein, all remaining allegations of Paragraph 48 of Plaintiff's Complaint are denied.

49.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 49 of Plaintiff's Complaint.

50.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 50 of Plaintiff's Complaint.

51.

Defendant denies the allegations in Paragraph 51 of Plaintiff's Complaint.

52.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 52 of Plaintiff's Complaint.

53.

Defendant denies the allegations in Paragraph 53 of Plaintiff's Complaint.

54.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 54 of Plaintiff's Complaint.

55.

Defendant admits that a draft plan was provided to the Plaintiff and Dr. Marvin Crumbs.  Defendant denies the remaining allegations in Paragraph 55 of Plaintiff's Complaint. Except as admitted herein, all remaining allegations of Paragraph 55 of Plaintiff's Complaint are denied.

56.

Defendant denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the first sentence of Paragraph 57 of Plaintiff's Complaint. Defendant denies the remaining allegations in Paragraph 57 of Plaintiff's Complaint.  Except as admitted herein, all remaining allegations of Paragraph 57 of Plaintiff's Complaint are denied.

58.

Defendant denies the allegations in Paragraph 58 of Plaintiff's Complaint.

59.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the first two sentences of the allegations in Paragraph 59 of Plaintiff's Complaint.  Defendant denies the remaining the allegations of Paragraph 59 of Plaintiff's Complaint.

60.

Defendant denies the allegations in Paragraph 60 of Plaintiff's Complaint.

## <u>COUNT ONE</u>
## <u>RACE DISCRIMINATION UNDER SECTION 1983 and SECTION 1981</u>

61.

Defendant reincorporates its responses and defenses to paragraphs 1-60 as if fully set forth herein.

62.

Defendant admits the allegations of Paragraph 62 of Plaintiff's Complaint to the extent as to that the Plaintiff has filed claims relating to Plaintiff's race but denies any liability under 42 U.S.C. § 1981.

63.

Defendant admits the allegations of Paragraph 63 of Plaintiff's Complaint.

64.

Defendant denies the allegations of Paragraph 64 of Plaintiff's Complaint.

65.

Defendant denies the allegations of Paragraph 65 of Plaintiff's Complaint.

66.

Defendant admits the allegations of Paragraph 66 of Plaintiff's Complaint to the extent that 42 U.S.C. § 1981 prohibits race discrimination but denies any remaining allegations of Paragraph 66 of Plaintiff's Complaint.

67.

Defendant denies the allegations of Paragraph 67 of Plaintiff's Complaint.

68.

Defendant denies the allegations of Paragraph 68 of Plaintiff's Complaint.

69.

Defendant denies the allegations of Paragraph 69 of Plaintiff's Complaint.

70.

Defendant denies the allegations of Paragraph 70 of Plaintiff's Complaint.

71.

Defendant denies the allegations of Paragraph 71 of Plaintiff's Complaint.

72.

Defendant denies the allegations of Paragraph 72 of Plaintiff's Complaint.

## COUNT TWO
## GEORGIA WHISTLEBLOWER

73.

Defendant reincorporates his response and defenses in paragraphs 1-72 by reference as if fully state herein.

74.

Defendant admits the allegations of Paragraph 74 of Plaintiff's Complaint.

75.

Defendant admits the allegations of Paragraph 75 of Plaintiff's Complaint.

76.

Defendant denies the allegations of Paragraph 76 of Plaintiff's Complaint.

77.

Defendant denies the allegations of Paragraph 77 of Plaintiff's Complaint.

To the extent Plaintiff's Prayers for Relief, including Paragraphs No. 1-77 require a response, they are denied.

WHEREFORE, having fully answered, Defendant prays that Plaintiff's Complaint be dismissed with costs of this action cast against Plaintiff.

Respectfully submitted this April 1, 2024.

**GDCR, LLC**
*Attorneys for Defendant*

*/s/ Randall C. Farmer*
Randall C. Farmer
Georgia Bar No. 255345

49 Atlanta Street
Marietta, GA 30060
Phone: 770-422-1776
Fax: 770-426-6155
rfarmer@gdcrlaw.com

## <u>CERTIFICATION OF COUNSEL</u>

The undersigned pursuant to this Court's Local Rules hereby certifies that this document has been prepared with Times New Roman 14 point.

Respectfully submitted this April 1, 2024.

> **GDCR, LLC**
> *Attorneys for Defendant*
>
> */s/ Randall C. Farmer*
> Randall C. Farmer
> Georgia Bar No. 255345

49 Atlanta Street
Marietta, GA 30060
Phone: 770-422-1776
Fax: 770-426-6155
rfarmer@gdcrlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

SARAH BARBOUR                 )
                                    )
      Plaintiff,               )
                                    )
v.                                )       CIVIL ACTION NO.
                                    )       1:24-cv-00520-MHC-JSA
MARIETTA CITY SCHOOL       )
DISTRICT, DEMARCO HOLLAND,   ) **JURY TRIAL DEMANDED**
Individually                    )
Defendant.                )

## <u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that on April 1, 2024, I electronically filed the foregoing **DEFENDANT HOLLAND'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically via PACER send a copy of the same to Plaintiff's counsel of record at:

**BUCKLEY BALA WILSON MEW LLP**
*/s/ Anita K. Balasubramanian*
Anita K. Balasubramanian
Georgia Bar No. 372029
abala@bbwmlaw.com
600 Peachtree Street, NE, Suite 3900
Atlanta, GA 30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101

**GDCR, LLC**
*Attorneys for Defendant*

*/s/ Randall C. Farmer*
Randall C. Farmer
Georgia Bar No. 255345

49 Atlanta Street
Marietta, GA 30060
Phone: 770-422-1776
Fax: 770-426-6155
rfarmer@gdcrlaw.com

Doc. 3862268