IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SARAH BARBOUR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:24-CV-0520-MHC-JSA |
| MARIETTA CITY SCHOOL DISTRICT | : | |
| and DEMARCOS HOLLAND, in his | : | |
| individual capacity, | : | |
| | : | |
| Defendants. | : | |

## SCHEDULING ORDER

Upon review of the Joint Preliminary Report and Discovery Plan [13] ("JPR") filed by the parties, the Court approves the deadlines therein, and **ORDERS** that the time limits for adding parties, amending pleadings, filing motions, completing discovery, filing a proposed pretrial order, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court except as herein modified.

Plaintiff has named the "Marietta City School District" as a Defendant in this action. *See* Compl. [1] at 1. In the JPR, the parties state that Defendant has been "misnamed" and the proper party is the Marietta Board of Education. *See* JPR at ¶¶ 5(c), 6(a). If Plaintiff seeks to amend the caption of this action to correct Defendant's name or otherwise to amend the Complaint, Plaintiff is **ORDERED** to

file, within **thirty (30) days** of the date of this Order, a stipulation agreed upon by the parties or a motion to amend the complaint. Any amendment or motion to amend the pleadings submitted after this deadline shall be deemed to be untimely, unless otherwise permitted by law.

This case has been assigned to a four-month discovery track and, pursuant to the Local Rules, discovery is scheduled to end on September 3, 2024. *See* LR 26.2A, NDGa (the discovery period begins thirty days after the first defendant files an answer). In the JPR, the parties request an extended discovery period of six months "[d]ue to the parties anticipating the redaction of documents containing confidential student data." JPR at ¶ 10. For good cause shown, the parties' request for an extension of discovery is **GRANTED**. The discovery period, including discovery from third parties, is extended until **November 1, 2024**. Either party may file a motion requesting an extension of discovery before it expires, but the parties are advised that the motion must be supported by good cause establishing that a second extension of discovery is warranted.

The parties are advised that, **if a discovery dispute arises between the parties that is unable to be resolved through a live (in-person or at least telephonic) conference between counsel, counsel and** *pro se* **litigants are required to contact the chambers of the undersigned by telephone jointly, with their adversary on the line, before filing a motion.** If successive attempts to

contact the adversary are unsuccessful, if the adversary refuses to contact the Court jointly, or if there is some other good cause for why a joint call could not be accomplished, the initiating party may send a letter, not to exceed two (2) pages, describing the discovery issue for which relief is sought and the reason why no joint call was made. This letter must be copied on all adversaries. Motions to compel, motions for protective order, motions for sanctions or any other motion arising out of a discovery dispute should ordinarily not be filed without a prior conference with the Court.

The parties are advised that they are required to follow the case instructions or Standing Order of the District Judge, if the District Judge has specific instructions posted on the Court's website, except as to discovery disputes being presented to the undersigned, as to which the parties should follow the procedures stated in this Order. Unless the District Judge instructs otherwise, when filing a motion for summary judgment or responding to such a motion, the parties must comply with the requirements of Local Rule 56.1. *See* LR 56.1, NDGa. In addition, all citations to the record evidence must be contained in each party's brief as well as its statement of facts. When citing to a document that has previously been docketed, the party's citation to that document shall include the number of the docket entry where the document may be located. When citing to a deposition transcript, the party shall include the page and line numbers of the transcript where the referenced testimony

can be found, and the party must attach to their motion or response a copy of the specific pages of the deposition that are cited therein. The party must also simultaneously file an electronic copy of the *complete transcript* of each deposition referenced in the party's statement of facts, and a notice of filing of the deposition transcript(s). A party responding to a statement of facts shall copy into its response document the numbered statement to which it is responding and provide its response to that statement immediately following. A party that chooses to reply to a response shall copy into its reply document its original numbered statement of material fact and the opposing party's response, then provide its reply to that statement immediately following.

Pursuant to Local Rule 16.4, the parties must file a proposed pretrial order no later than thirty (30) days after the close of discovery, or entry of the court's ruling on any motions for summary judgment, whichever is later. *See* LR 16.4, NDGa. The Court extends the deadline for filing a proposed consolidated pretrial order until **forty (40) days** after the close of the discovery period, or, in the event that any party files a motion for summary judgment, until **thirty (30) days** after the district court's final ruling on all pending motions for summary judgment, whichever is later. Normally, motions for summary judgment are resolved based on the submissions. However, the Court will liberally grant any request for oral argument made within seven days of the filing of either party's principal brief so long as a certification is

made that a lawyer with no more than five years of experience since being admitted to a bar will handle the oral argument on behalf of one of the parties.

Finally, the docket indicates that Plaintiff has failed to file a Certificate of Interested Persons and Corporate Disclosure Statement ("CIP"). Pursuant to Local Rule 3.3, a CIP must be filed by counsel for all private parties at the time of first appearance. LR 3.3, NDGa. Accordingly, Plaintiff is **ORDERED** to file a CIP within **fourteen (14) days** of the date of this Order.

**IT IS SO ORDERED** this 8th day of May, 2024.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE